Dear Mr Warren:
We have received your request for an Attorney General's Opinion regarding assistance to voters at the precincts on election day. You have requested an opinion on the following questions:
 1. What do we do when a voter needs assistance in voting, but either has not or will not fulfill the requirements of R.S. 18:564(D), especially under the following circumstances:
 a. A voter who has become handicapped after registering to vote;
b. A voter who is temporarily handicapped;
 c. A voter who only needs help because of his lack of balance.
 d. A voter who does not read well enough to be able to vote without assistance.
 2. Is there a conflict in this area between state and federal law?
LSA-R.S. 18:564 states, in pertinent part:
 A. Voters entitled to assistance. A voter shall not
receive assistance in voting unless he is unable to read, or is unable to vote without assistance because of a physical handicap, including blindness.
* * *
 D. (1) Prior to receiving assistance under this Section, the voter shall file with the registrar in person or by mail a statement setting forth the necessity and reasons for this assistance and shall furnish a certificate of a medical doctor or optometrist certifying to the irremediable nature of the physical handicap as proof of disability. The registrar shall indicate such facts on the voter's original application for registration, on the voting certificate, and on any other official registration records. Thereafter, the voter shall not be required to present evidence of any kind at the polls.
 (2) A voter shall also be entitled to assistance without having filed with the registrar a statement setting forth the necessity and reasons for this assistance if, on election day, the voter presents to the commissioner-in-charge a physician's certificate indicating the voter's inability to vote without assistance because of a physical handicap. The commissioner-in-charge shall attach this certificate to the precinct register.
* * *
(Emphasis added.)
In the case of Fanara v. Candella, et al., 94-49 (La.App. 3 Cir. 4/18/94) 640 So.2d 406, the court held that the assistance of voters who were not legally qualified under R.S.18:564 was improper, even though to provide assistance was allegedly customary in the parish. The court stated in its reasons for judgment in this election contest suit that the most significant and the most serious issue was the alleged illegal voting assistance. In reviewing R.S. 18:564, the court pointed to the first sentence of the statute and stated that "The law makes it very clear that a voter is not entitled to assistance unless those requirements (in R.S. 18:564) are met." Id. at 414.
Therefore, in response to your first question, it is the opinion of this office that if a voter does not qualify for assistance under R.S. 18:564, then the voter is not entitled to receive any assistance in voting. To do so would possibly invalidate their vote and the election, as in the case of Fanara. With regard to your specific examples, hypotheticals (a) — (c) fall under R.S. 18:564(D) and these people must either register as handicapped or bring a physician's certificate to the polling place on election day if they wish to receive assistance in voting. As to hypothetical (d), this problem is addressed by R.S.18:564(A); those persons who require assistance because of illiteracy must be aided according to both state and federal law, to the extent that the voters'
In response to your second question, the Federal Voting Rights Act insures that no one is discriminated against because of race, and that those who need assistance in voting because of illiteracy obtain assistance. As Louisiana's statutes provide for assistance in voting in certain instances, including assistance due to illiteracy, we do not find any conflict in state and federal law.
We hope that this opinion addresses all of your concerns. However, if we can be of additional assistance in this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
cc: Commissioner of Elections
Hon. Curtis A. Warren Clerk of Court Parish of Caddo 501 Texas Room 103 Shreveport, Louisiana 71101-5408
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL